Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496 - 5187
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### (PORTLAND DIVISION)

| | |
|---|---|
| LENA SLAWINSKA, individually, | Case No. 3:22-cv-01626-AR |
| Plaintiff, | |
| v. | FIRST AMENDED COMPLAINT |
| CBRE INC., a Delaware corporation, doing business as CBRE Group, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Lena Slawinska ("Plaintiff"), by and through her attorney herein, states and alleges claims against Defendant CBRE, Inc. ("Defendant" or "CBRE"), as follows:

### PARTIES – JURISDICTION – VENUE

1.

Plaintiff is a native of Poland. She is multi-lingual and English is a second language. At all material times hereto, Plaintiff resided in Oregon, and does so as of the filing of this

FIRST AMD. COMPLAINT – Page 1
Case No. 3:22-cv-01626-AR

Complaint.  Defendant CBRE employed Plaintiff to provide personal services in Multnomah County at the Company's Portland, Oregon office, from December 2021 until February 9, 2022.

2.

Defendant has removed this action from Oregon State Court, alleging proper jurisdiction and venue.  At all times material hereto, Defendant CBRE was a foreign corporation organized under the laws of the State of Delaware, with its principal place of business in Dallas, Texas. CBRE is registered with the Oregon Secretary of State to do business, and maintains a registered agent in this State for receiving service of legal process at: CT Corporation System, 780 Commercial St SE, Ste 100, Salem, Oregon 97301.  CBRE regularly transacts business in Multnomah County, and the acts and omissions giving rise to this cause of action occurred in Multnomah County.

3.

Venue is proper in this District and Division because: the acts and omissions alleged to give rise to the claims herein occurred in Multnomah County, Oregon; and Defendant conducts business and has one or more administrative offices in this Division.

## BACKGROUND ALLEGATIONS

4.

Through a staffing agency, Net2Source, Plaintiff was hired to a full-time, "temp to hire" administrative (receptionist) position with Defendant CBRE, Inc., in Portland, Oregon.

5.

Before starting work at CBRE's Portland office, Plaintiff was sent notice of CBRE-specific electronic documents, including concerning "CBRE Asset Damage Acknowledgement", CBRE time entry and expenses, and CBRE's "Vehicle Safety Policy".  Upon information and

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

belief, neither Net2Source nor CBRE provided Plaintiff with a notice of employee rights under the Oregon Family Leave Act, and may have not provided or made available to her any required notice of employee rights relating to disabilities and disability accommodation in the workplace.

6.

Plaintiff's designated "hiring manager" was CBRE Operations Manager Diane Bryan ("Bryan"). Upon information and belief, Bryan was responsible for planning, managing and directing all operational activities at CBRE's Portland office.

7.

Defendant CBRE, and notably Operations Manager Bryan, had authority over terms and conditions of Plaintiff's CBRE employment, including but not limited to: setting Plaintiff's work schedule; adjusting or approving adjustments to Plaintiff's time records; reviewing, approving or denying Plaintiff's requests for leave from work; and terminating Plaintiff from CBRE employment. Further, CBRE had the right to control the means by which Plaintiff would and did perform service in the CBRE office.

8.

Plaintiff started working in CBRE's Portland office on or about December 14, 2021, with a Monday through Friday work schedule.

9.

Beginning in January 2022, Plaintiff started to experience symptoms of gastrointestinal distress. During that month she became ill and was compelled to miss certain workdays at CBRE. When "calling out" from work during that time, Plaintiff notified CBRE directly. In response, CBRE did not instruct Plaintiff to first notify the staffing agency, Net2Source.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

10.

During the thirty (30) day period before February 3, 2022, Plaintiff averaged at least 25 hours per week with CBRE.  During Plaintiff's employment, CBRE employed or jointly employed at least 25 people at its Portland office or otherwise in Oregon.

11.

On or about Thursday, February 3, 2022, Plaintiff began feeling ill while at work. Plaintiff notified CBRE Operations Manager Bryan.

12.

Before Plaintiff's medical condition occurrence in early February, Plaintiff's job performance at CBRE was at least satisfactory and she was performing the essential duties of her position without the need for accommodation.

13.

On February 4, 2022, by text message Plaintiff notified Bryan that she would be absent from work for the day, but that she had a doctor's appointment later in the morning.  Bryan replied and suggested Plaintiff get tested for COVID-19.  No one at CBRE told Plaintiff to contact Net2Source.

14.

Plaintiff needed time to recover and/or receive treatment before being able to return to work.  On Sunday February 6, by text message, Plaintiff again notified Bryan that she would not be able to work that Monday, and likely not Tuesday.  By text message Bryan replied and approved the leave.  Bryan did not tell Plaintiff to contact Net2Source.  On the afternoon of Tuesday, February 8, Plaintiff and Bryan exchanged text messages about Plaintiff's recorded work time that past week.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

15.

Plaintiff had tested negative for COVID-19.  On Wednesday morning, February 9, Plaintiff could still not work due to her medical condition.  She attended another doctor's appointment that morning; she was prescribed medication and recommended to have certain procedures performed.

16.

On the morning of February 9 shortly after the doctor's appointment, Plaintiff emailed Bryan a doctor's note.  The note reflected a diagnosis of gastroenteritis with uncontrolled symptoms.  It further indicated Plaintiff should be off work through February 11, with a return to regular duty on February 14.  Bryan did not immediately respond to Plaintiff's February 9 email conveying the information.

17.

Towards the end of the workday on February 9, Bryan finally replied, but only to terminate Plaintiff's employment.  Bryan explained in part, "I really need someone I can rely on. This position needs someone that is available Monday-Friday, 8:00am – 5:00pm and I don't think your heart is in it."

18.

Before terminating Plaintiff, Defendant CBRE did not engage with her about her absence(s) or inquire about the medical condition and whether it had required or would require additional time off.

19.

Plaintiff's medical condition in early February was an emergency and prevented her from attending work at CBRE.  It was an impairment that had "flared up" or become newly active as a

FIRST AMD. COMPLAINT – Page 5
Case No. 3:22-cv-01626-AR

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

seemingly recurrent condition. Between early February and July 2022, Plaintiff required

treatment or health care visits to both medical clinics and urgent care facilities for diagnosis or

treatment. In March and June 2022, Plaintiff received medical procedures relating to the

condition.

20.

By no later than early February 2022, Plaintiff's condition substantially impaired one or

more major life activities, including the operation of a major bodily function. The condition in

its "flared up" or active state, required accommodation and/or a prompt, meaningful interactive

process through which CBRE and Plaintiff could have discussed her condition and

accommodation, including leave from work.

21.

Defendant CBRE did not interact – meaningfully or otherwise – with Plaintiff to discuss

the extent of her medical condition or any possible accommodation. Notwithstanding that in

February 2022 CBRE should have permitted Plaintiff to take OFLA-qualifying leave to recover

from her condition, Plaintiff's requested leave or use of leave for the condition was at least one

reasonable accommodation which was possible, and which CBRE should have considered for

and/or granted to her. Granting that accommodation would have allowed Plaintiff to recover and

then return to work.

22.

By May 13, 2022, pursuant to ORS 652.750 Plaintiff requested from CBRE a copy of her

personnel records. In late August 2022, CBRE finally responded with production of limited

records. By August 2022, Plaintiff had also submitted a request to Net2Source for a copy of her

personnel records. Net2Source's personnel records production was likewise limited.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

23.

As a result of Defendant's actions, alleged herein Plaintiff suffered economic damages, including but not limited to lost wages and benefits.  Those actions additionally caused Plaintiff to suffer noneconomic and other compensatory damages, including but not limited to emotional distress, impaired dignity, embarrassment and humiliation.

## FIRST CLAIM FOR RELIEF
Oregon Family Leave Act – Denial/Interference & Retaliation
(ORS 659A.150, *et seq.*; OAR 839-009-0320)

24.

Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

25.

The Oregon Family Leave Act, ORS 659A.150, *et seq.*, and related Administrative Rules including OAR 839-009-0320(3), prohibits employers from: denying OFLA leave to an employee; and/or retaliating "or in any way" discriminating against the employee "with respect to hiring, tenure or any other term or condition of employment because the person has inquired about OFLA leave, submitted a request for OFLA leave or invoked any provision of the Oregon Family Leave Act."  Sub-section (4) of OAR 839-009-0320 further prohibits an employer from counting "OFLA leave against an employee in determining the employee's compliance with attendance policies."

26.

In 2021 the Oregon Legislature amended ORS 659A.156, effective January 1, 2022, to temporarily render OFLA-eligible, employees who had worked for or been employed with an employer for at least 30 days and averaged at least 25 hours per week "in the 30 days immediately before the date on which the family leave would commence."  Those eligibility

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

requirements applied during the State's declared "public health emergency".  In January 2022, a declared public health emergency existed in Oregon.  In March 2022 the Governor for the State of Oregon issued an executive order to terminate the emergency effective April 1, 2022.

27.

Section ORS 659A.186(2) of the OFLA provides in part that the Act "shall be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993."  Under the FMLA, an eligible employee may have "joint employers" covered by the Act.  For example, a "primary employer" would be the employee's staffing agency, and the agency's client could be the employee's "secondary employer".  Code of Federal Regulation 29 CFR 825.106 states in part that the secondary employer "is also responsible for compliance with the prohibited acts provisions with respect to its jointly employed employees," and that such "prohibited acts include prohibitions against interfering with an employee's attempt to exercise rights under the Act".

28.

During Plaintiff's employment with Defendant CBRE, the Company was, at minimum, a joint OFLA-covered employer, and was Plaintiff's "employer" for purposes of complying with the prohibited acts provisions of the Act.

29.

By no later than February 3, 2022, Plaintiff was eligible for OFLA leave under the temporary expansion of the Act.  Her emergency illness at that time was "serious medical condition" for purposes of the OFLA.

30.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

As an OFLA-covered employer, CBRE was required to comply with the Act with respect to Plaintiff's rights.  The Oregon Family Leave Act prohibited CBRE from, among other things: (A) denying Plaintiff leave; (B) retaliating or in any way discriminating against Plaintiff for her having invoked or was qualified under any provision of the OFLA, or for CBRE perceiving that she had taken, needed, requested, or would take or request OFLA-qualifying leave; or (C) counting Plaintiff's OFLA-qualifying leave against her in determining compliance with any company attendance policy.

31.

Plaintiff invoked the protections of the OFLA by, for example: (A) having a serious medical condition that required emergency leave; (B) providing CBRE with information concerning her medical condition, such that Defendant was aware, or knew or should have known such a condition qualified her for leave; (C) requesting and taking leave for the condition; and/or (D) providing CBRE with notice of her need for continuing or additional leave to recover from or obtain treatment of that condition before being able to return to work.

32.

Defendant CBRE was aware, or otherwise knew or should have known that Plaintiff's leave was for an OFLA-qualifying reason.

33.

Defendant CBRE perceived that Plaintiff's medical condition could or did cause Plaintiff to invoke, exercise or continue exercising her OFLA rights, such as asking for or taking leave.

34.

By not permitting Plaintiff to take OFLA leave or continue her leave, and/or by terminating her, CBRE violated the OFLA, including ORS 659A.183 and OAR 839-009-0320.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

Defendant CBRE: (A) interfered with Plaintiff's ability to take protected leave, thereby effectively denying it; and (B) retaliated or discriminated against her, for Plaintiff having invoked the OFLA by taking leave for recovery or treatment of, and submitting information concerning, her serious medical condition, and/or for CBRE perceiving that Plaintiff had requested or used, or would need, request, or take OFLA-qualifying leave.

35.

Plaintiff's serious medical condition, and/or use of or need for OFLA-qualifying leave from work to treat or recover from it, or Defendant CBRE's perception that Plaintiff had taken, would take or need such leave, either independently or together, constituted a negative factor in CBRE's decision to: (A) not provide Plaintiff approved leave on or after February 9, 2022; and (B) terminate her employment.  Additionally or in the alternative, CBRE wrongfully terminated Plaintiff by counting the OFLA-qualifying leave against her in determining any perceived non-compliance with any company attendance policy.  To the extent CBRE imposed discipline upon Plaintiff due to her inability to attend work, such discipline improperly penalized her for exercising or invoking her OFLA-related rights.

36.

Defendant disregarded its OFLA obligations to Plaintiff, and violated her rights under the Act.  Plaintiff seeks a declaration that Defendant violated the OFLA for the reasons alleged herein.

37.

As a result of Defendant's wrongful conduct, to date Plaintiff has suffered economic damages in an amount to be proven at trial.

38.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

For Defendant's OFLA violations, Plaintiff seeks an award of all available economic damages, including past and future lost wages, compensatory damages such as for future pecuniary losses, a "gross up" award in an amount to offset any and all tax consequences of a lump sum award of economic damages, plus applicable pre- and post-judgment interest on all awarded amounts, and all appropriate equitable relief. Further, pursuant to ORS 659A.885 and ORS 20.107, Plaintiff seeks an award of attorney's fees, expert witness fees, and costs.

## SECOND CLAIM FOR RELIEF
Disability Discrimination: Failure to Interact or Accommodate
(ORS 659A.112, 659A.118; OAR 839-006-0206)

39.

Plaintiff hereby re-alleges all other Paragraphs as if fully set forth herein.

40.

Oregon Revised Statute 659A.104(1) generally provides in part that for purposes of disability discrimination laws, an individual has a disability if: the individual has a physical or mental impairment that substantially limits one or more major life activities; the individual has a record of having such a substantially limiting impairment; or the employer subjects the employee "to an action prohibited by ORS 659A.112 [such as termination] * * * because of an actual or perceived * * * impairment".

41.

Oregon Administrative Rule 839-006-0206(1) indicates that providing an employee with a leave of absence may be a reasonable accommodation. Sub-section (3) further provides that once an employee has either sought reasonable accommodation or "otherwise disclosed to the employer a disability that may require reasonable accommodation," the employer must initiate a meaningful interactive process with the employee. Sub-section (6) states the interactive process

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

is a "mandatory step" in the reasonable accommodation process; and that an employer's failure to engage in a meaningful interactive process "is a failure to reasonably accommodate in violation of ORS 659A.112(2)(e)".

42.

At all material times hereto, Plaintiff was a qualified person with a disability as defined by Oregon State law and Rules relating to disability discrimination. Her medical condition substantially limited one or more major life activities, including the operation of a major bodily function as outlined in OAR 839-006-0205. During Plaintiff's employment, Defendant CBRE was an employer subject to the requirements of ORS 659A.103 - 659A.145 and related Administrative Rules with respect to Plaintiff, and as such, had an obligation to not discriminate against Plaintiff on the basis of an actual or perceived disability.

43.

By providing CBRE with notice of her medical condition, and/or by requesting leave for that condition, CBRE knew or should have known that Plaintiff had a disability and that she may request or require accommodation. Plaintiff's use of leave and information to CBRE obligated the Company to promptly engage in an interactive process, and to otherwise determine the feasibility of providing or approving leave or other accommodation. CBRE did not engage in any interactive process with Plaintiff.

44.

Due to Plaintiff's disability and leave requests to CBRE, a reasonable accommodation would have been possible, such as leave from work. Defendant CBRE should have treated Plaintiff's leave from work, and/or her February 9, 2022, notice of her medical condition diagnosis, as a request for reasonable accommodation. Additionally or in the alternative,

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

Plaintiff's information provided to CBRE on February 9 otherwise triggered CBRE's obligation to promptly initiate the interactive process.

45.

Regardless of whether any reasonable accommodation was possible, Defendant's conduct as alleged herein violated ORS §§ 659A.112 and 659A.118, and related Administrative Rules because CBRE: (A) did not initiate or engage (meaningfully, promptly, or otherwise) in any interactive process with Plaintiff regarding her disability or possible accommodation; (B) failed to grant Plaintiff reasonable accommodation, such as leave; and/or (C) terminated Plaintiff from CBRE employment in substantial part because she required accommodation.

46.

Defendant's conduct described herein were willful, malicious, and/or done with reckless indifference to Plaintiff's State law rights relating to employees with disabilities. Defendant engaged in one or more wrongful acts done intentionally, with knowledge that it would cause harm to Plaintiff. Plaintiff requests an award of punitive damages the wrongful act(s).

47.

Plaintiff seeks a declaration that Defendant violated her statutory rights afforded by ORS 659A.112(1)-(2) and related Rules for the reasons alleged herein, and seeks an order or award of all appropriate equitable relief pursuant to State law.

48.

As a result of Defendant's wrongful conduct, to date Plaintiff has suffered economic damages, including lost wages in an amount to be proven at trial.

49.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

As a result of Defendant's wrongful conduct, Plaintiff has suffered noneconomic damages in the form of emotional distress, impaired dignity, embarrassment, and humiliation, in an amount to be proven at trial.

50.

Pursuant to ORS 659A.885, Plaintiff seeks an award of all available equitable relief, economic damages including past and future lost wages, punitive damages, noneconomic and other compensatory damages, and a "gross up" award in an amount necessary to offset any and all tax consequences of a lump sum award of economic damages. Plaintiff further requests an award of applicable pre- and post-judgment interest on all awarded amounts for Defendant CBRE's violation of ORS 659A.112(1)-(2). Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff seeks an award of attorney's fees and costs, including reasonable expert witness fees.

**THIRD CLAIM FOR RELIEF**
Disability-Related Retaliation
(ORS 659A.109)

51.

Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

52.

In February 2022, Plaintiff invoked her rights under Oregon's disability laws, such as by reporting her medical condition and information to CBRE, and taking and/or requesting leave from work due to her disability. Further, Defendant CBRE perceived that Plaintiff's medical condition: (A) would or did trigger its duty to meaningfully interact with her about the condition or whether she needed accommodation; and (B) would or did cause Plaintiff to request or require a reasonable accommodation for that condition, such as leave from work.

53.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

In violation of ORS 659A.109, by denying Plaintiff leave as a reasonable accommodation, and/or terminating her employment, Defendant retaliated against her for having invoked or used the procedures provided for in ORS 659A.103 to 659A.145., and/or by perceiving Plaintiff would utilize any of those procedures.

54.

Defendant's conduct described herein were willful, malicious, and/or done with reckless indifference to Plaintiff's State law rights relating to employees with disabilities. Defendant engaged in one or more wrongful acts done intentionally, with knowledge that it would cause harm to Plaintiff. Plaintiff requests an award of punitive damages the wrongful act(s).

55.

Plaintiff seeks a declaration that Defendant violated her statutory rights afforded by ORS 659A.109 for the reasons alleged herein, and seeks an order or award of all appropriate equitable relief pursuant to State law.

56.

As a result of Defendant's wrongful conduct, to date Plaintiff has suffered economic damages, including lost wages in an amount to be proven at trial.

57.

As a result of Defendant's wrongful conduct, Plaintiff has suffered noneconomic damages in the form of emotional distress, impaired dignity, embarrassment, and humiliation, in an amount to be proven at trial.

58.

Pursuant to ORS 659A.885, Plaintiff seeks an award of all available equitable relief, economic damages including past and future lost wages, punitive damages, noneconomic and

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

other compensatory damages, and a "gross up" award in an amount necessary to offset any and

all tax consequences of a lump sum award of economic damages. Plaintiff further requests an

award of applicable pre- and post-judgment interest on all awarded amounts for Defendant

CBRE's violation of ORS 659A.109. Pursuant to ORS 659A.885 and ORS 20.107, Plaintiff

seeks an award of attorney's fees and costs, including reasonable expert witness fees.

## FOURTH CLAIM FOR RELIEF
Disability Discrimination: Actual or Perceived Disability
(ORS 659A.112)

59.

Plaintiff hereby re-alleges all Paragraphs as if fully set forth herein.

60.

Oregon Revised Statute 659A.104(1) generally provides in part that for purposes of

disability discrimination laws, an individual has a disability if the employer subjects the

employee "to an action prohibited by ORS 659A.112 * * * because of an actual or perceived * *

* impairment, whether or not the impairment limits or is perceived to limit a major life activity

of the individual." Oregon Revised Statute 659A.112 prohibits an employer from terminating an

employee from employment on the basis of disability, or from limiting an employee "in any way

that adversely affects the opportunities or status of the * * * employee because the * * *

employee has a disability."

61.

Defendant CBRE wrongfully terminated Plaintiff in substantial part because: (A) Plaintiff

had an actual disability, and/or CBRE regarded Plaintiff as disabled (by having a substantial

impairment); and/or (B) Plaintiff might require accommodation.

62.

FIRST AMD. COMPLAINT – Page 16
Case No. 3:22-cv-01626-AR

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

Defendant's conduct described herein were willful, malicious, and/or done with reckless indifference to Plaintiff's State law rights relating to employees with disabilities.  Defendant engaged in one or more wrongful acts done intentionally, with knowledge that it would cause harm to Plaintiff.  Plaintiff requests an award of punitive damages the wrongful act(s).

63.

Plaintiff seeks a declaration that Defendant violated her statutory rights afforded by ORS 659A.112, for the reasons alleged herein, and seeks an order or award of all appropriate equitable relief pursuant to State law.

64.

As a result of Defendant's wrongful conduct, to date Plaintiff has suffered economic damages, including in the form of lost wages in an amount to be proven at trial.

65.

As a result of Defendant's wrongful conduct, Plaintiff has suffered noneconomic damages in the form of emotional distress, impaired dignity, embarrassment, and humiliation, in an amount to be proven at trial.

66.

Pursuant to ORS 659A.885, Plaintiff seeks an award of all available equitable relief, economic damages including past and future lost wages, punitive damages, noneconomic and other compensatory damages, and a "gross up" award in an amount necessary to offset any and all tax consequences of a lump sum award of economic damages.  Plaintiff further requests an award of  applicable pre- and post-judgment interest on all awarded amounts for Defendant

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

CBRE's violation of ORS 659A.112 as alleged.  Pursuant to ORS 659A.885 and ORS 20.107,

Plaintiff seeks an award of attorney's fees and costs, including reasonable expert witness fees.

### FIFTH CLAIM FOR RELIEF
Wrongful Termination in Violation of Public Policy

67.

Plaintiff re-alleges all Paragraphs as if fully set forth herein.

68.

To the extent Plaintiff's other claim(s) alleged herein would not provide Plaintiff full and

adequate relief at any time, including but not limited to through the time of trial, Plaintiff hereby

asserts a claim against Defendant CBRE for wrongful termination in violation of public policy.

69.

The findings and purposes of the Oregon Family Leave Act, and Oregon law prohibiting

disability discrimination (including requiring employers to meaningfully interact with employees

who may need accommodation), reflect fundamental public policies of protecting employee

workplace rights and benefits when they take leave for a serious medical condition, have a

disability, request or need accommodation, and/or are regarded by their employer as being

disabled.  Defendant's termination of Plaintiff was wrongful, and violated those public policies.

70.

As a result of Defendant's wrongful conduct, to date Plaintiff has suffered economic

damages, including in the form of lost wages in an amount to be proven at trial.

71.

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

As a result of Defendant's wrongful conduct, Plaintiff has suffered noneconomic damages in the form of emotional distress, impaired dignity, embarrassment, and humiliation, in an amount to be proven at trial.

72.

Plaintiff seeks an award of all available economic damages, noneconomic and other compensatory damages, as well as a "gross up" award in an amount necessary to offset any and all tax consequences of a lump sum award of economic damages, plus applicable pre- and post-judgment interest on all award amounts.

**RESERVATION OF RIGHTS; NOTICE**

73.

Plaintiff reserves the right to add, revise, or withdraw any claims or requests for or amounts of damages, or add parties during the litigation as information is obtained, and/or other conduct is discovered.

**DEMAND FOR JURY TRIAL**

74.

Plaintiff hereby requests a jury trial in this matter on all claims.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks and requests the following relief from Defendant CBRE:

1.  A declaration that Defendant violated Plaintiff's rights under the OFLA, and Oregon State law prohibiting disability discrimination;

2.  A permanent injunction enjoining Defendant, its officers, successors, agents, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminate in any way on the basis of disability

**Powelson Law Office LLC**
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
Phone: (503) 496-5187
www.powelsonlawoffice.com

(including failing to engage in the interactive process to determine possible accommodations), or which deny or interfere with any employee's OFLA rights;

3. An order that Defendant institute policies, practices, training, and programs providing equal employment opportunities for all employees, and which eradicate the effects of past and present unlawful employment practices affecting people with disabilities, or whom CBRE regards as having disabilities;

4. An award of economic damages on all Claims;

5. An award of non-economic and other compensatory damages on all Claims except the OFLA claim;

6. An award of future lost wages and compensation for all Claims;

7. An award of State law punitive damages on Plaintiff's disability-related Claims;

8. A supplemental monetary "gross up" award, necessary to offset any and all tax consequences of a lump sum award of economic damages;

9. An award of applicable pre- and post-judgment interest on all awarded amounts, to the fullest extent permitted by law;

10. An award of all reasonable costs, expert witness fees, and attorney's fees authorized by State law or rule; and

FIRST AMD. COMPLAINT – Page 20
Case No. 3:22-cv-01626-AR

11. Any other remedies including equitable and monetary relief, deemed to be appropriate

or required to make Plaintiff whole, or to deter similar, future conduct by Defendant.


Signed November 21, 2022.


s/ *Chey K. Powelson*

Chey K. Powelson, OSB No. 035512
Powelson Law Office LLC
10121 SE Sunnyside Rd, Ste 300
Clackamas, Oregon 97015
ckpowelson@powelsonlawoffice.com
Phone: (503) 496 - 5187
Attorney for Plaintiff